# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | 8:11CR375 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| MOISES MEJIA-FLORES, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the defendant's Motion to Continue Trial (Filing No. 51). The defendant filed a brief (Filing No. 52) in support of the motion. The government filed a brief (Filing No. 56) in opposition of the motion. The court granted the defendant's Motion to Continue Trial (Filing No. 51) by text order (Filing No. 53) on March 26, 2012. The court will now address the defendant's waiver of his right to a trial by jury.

Within the motion, the defendant states he is aware of his right to trial by jury but waives that right. **See** Filing No. 51. The defendant requests the court to "try all issues of fact and law without a jury . . . to ensure his constitutional right to a fair and impartial trial." *Id.* The defendant argues "the context within which the government will present the evidence at trial will create an inference with the jury that Defendant is an illegal alien." **See** Filing No. 52 - Brief p. 3. The defendant argues such an inference would result in a prejudicial trial. *Id.* at 9. Additionally, the defendant argues the evidence is complex and there is widespread prejudice toward illegal immigrant workers in the local venue. *Id.* at 4-5. The defendant argues the government's insistence on a jury trial would deny the defendant an impartial trial. *Id.* at 9.

The government does not consent to the defendant's waiver of trial by jury. **See** Filing No. 56 - Reply p.1. The government argues the defendant fails to show how he would be unable to obtain a fair and impartial jury trial given the protections of voir dire and jury instructions. *Id.* at 2, 4. The government also argues the issues are not complex. *Id.* at 4. Further, the government argues if the court were to take the defendant's argument to its logical end, in any federal criminal case involving an illegal alien, the defendant could

override the requirements of Federal Rule of Criminal Procedure 23 (Rule 23) and render it impotent. *Id.* at 3.

## BACKGROUND

The defendant is charged in the superseding indictment with five counts of intent to deceive and false misrepresentation of social security number for purposes of obtaining any benefit to which he was not entitled in violation of Title 42 U.S.C § 408(a)(7)(B) by:

    a.    obtaining dental insurance with Trustmark Insurance Company on November 30, 2006 (Count 1);

    b.    withholding allowances on IRS Form W-4 on May 16, 2007 (Count II);

    c.    renewing a Nebraska Department of Motor Vehicle state identification card on February 19, 2009 (Count III);

    d.    applying for a Nebraska Department of Motor Vehicle state identification card on November 24, 2009 (Count IV);

    e.    applying for a duplicate of a Nebraska Department of Motor Vehicle state identification card on January 11, 2010 (Count V).

Count VI charges Mejia-Flores with falsely and willfully representing himself as a citizen of the United States on November 24, 2009, in violation of Title 18 U.S.C. § 911.

## DISCUSSION

Rule 23 states "[i]f the defendant is entitled to a jury trial, the trial must be by jury unless: (1) the defendant waives a jury trial in writing; (2) the government consents; and (3) the court approves. Fed. R. Crim. P. 23. "Trial by jury has been established by the Constitution as the normal and preferable mode of disposing of issues of fact in criminal cases." *Singer v. United States*, 380 U.S. 24, 35 (1965) (internal citation omitted). Although the Supreme Court of the United States held in *Singer* that the defendant does not have a right to trial by a judge, the Court recognized there may be "some circumstances where a defendant's reasons for wanting to be tried by a judge alone are

2

so compelling that the Government's insistence on trial by jury would result in the denial to a defendant of an impartial trial." *Id.* at 37. "[T]here might arise situations where passion, prejudice[, and] public feeling or some other factor may render impossible or unlikely an impartial trial by jury." *Id.* at 37-38 (internal citation omitted).

Although the defendant elects to waive trial by jury, Rule 23 clearly states a trial must be by jury unless, in part, the government consents to the defendant's waiver. In this instance, the government has withheld consent and the defendant has not presented evidence sufficient for the court to override the government's abstention. The issues in this case are not so complex that a jury would be unable to comprehend the evidence presented as the defendant suggests. Additionally, voir dire and appropriate jury instructions provide the defendant protection from the defendant's allegation that the prospective jury has a widespread prejudice toward illegal aliens.

The defendant failed to show how the government's withholding of consent would deny the defendant an impartial trial. There are adequate safeguards in place to protect the defendant from an impartial jury. **See** Singer, 380 U.S. at 35 (stating "[trial by jury] has been surrounded with safeguards to make it as fair as possible-for example, venue can be changed . . . and prospective jurors are subject to voir dire examination, to challenge for cause, and to peremptory challenge."). Accordingly, the defendant's request for waiver of trial by jury is denied.

The defendant's trial of the Superseding Indictment shall remain scheduled for trial before Judge Joseph F. Bataillon and a jury on September 10, 2012.

**IT IS SO ORDERED**.

DATED this 8th day of August, 2012.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge